No. 19-0741 – *The West Virginia State Police, Department of Military Affairs and Public Safety v. J.H., a minor, by and through his parent and next friend, L.D.*

**FILED**
**March 29, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Wooton, Justice, dissenting:

In this case, despite the conclusion of an experienced trial judge that the issue of qualified immunity cannot be fairly determined until after some development of the evidentiary record has taken place, the majority has elected to summarily resolve the issue without giving the plaintiff/respondent a chance to develop one single fact in support of the allegations in his first amended complaint. The majority's opinion effectively establishes a new rule and applies it retroactively to plaintiff/respondent: in an excessive force case brought against a governmental actor, a litigant must establish in his or her complaint -- in excruciating detail, and before the defendant even files a pleading asserting a defense of qualified immunity -- that the circumstances of his arrest did not justify four arresting officers, "acting together as a mob under color of law, brutally and severely beat[ing] and hit[ting] . . . J. H., a minor." I am hard pressed to envision an arrest which would ever justify such action by law enforcement.

To see how this rule played out in the case at bar, we first look at paragraph seven of the complaint, which states:

> On or about November 19, 2018 in Berkeley County, West Virginia, Defendants Kennedy, Walker, Merson and Ennis, individually and acting together as a mob under color of law, brutally and severely beat and hit the Plaintiff, J.H., a minor, in

1

and about the head and body, causing him injuries along with bodily damage, pain and suffering.[1]

Further on in paragraph 10(a) - (d), the complaint alleges that the petitioner was negligent and/or reckless in four particulars: failure to properly train officers and members; willful blindness to incidents of excessive force in flight situations, and failure to discipline when such incidents occur; failure to exercise field supervision; and other particulars to be revealed during the course of discovery. Finally, in paragraph 12(a) – (j), the complaint alleges that the alleged brutal mob beating described in paragraph 7 violated ten different statutes, seven of them criminal. The majority deems these allegations insufficient to withstand a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure; in short, assuming the allegations of the complaint to be true,[2] the brutal beating of an arrestee -- a minor -- by law enforcement officers, acting as a mob and with the longstanding tacit support of the Department of Military Affairs and Public Safety, is insufficient as a matter of law to overcome a claim of qualified immunity. I cannot agree that in a country where the citizens enjoy both state and federal constitutional rights and

---

[1] At the time of the incidents alleged in the complaint, defendants Kennedy and Walker were State troopers; defendants Merson and Ennis were Berkeley County, West Virginia, Sheriff's Deputies.

[2] *See, e.g.*, *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, __ W. Va. __, __ S.E.2d __, 2020 WL 7223357, at *2 (2020) ("'Since the preference is to decide cases on their merits, courts presented with a motion to dismiss for failure to state a claim construe the complaint in the light most favorable to the plaintiff, taking all allegations as true.' *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008) (citing *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978)).").

protections, the bar for law enforcement should be set this low. In its opinion, the majority has effectively turned the doctrine of qualified immunity into "an impenetrable shield that requires toleration of all manner of constitutional and statutory violations by public officials." *Hutchison v. City of Huntington*, 198 W. Va. 139, 148, 479 S.E.2d 649, 658 (1996).

At the outset, I would have voted to deny the petitioner's appeal as interlocutory. In this regard, it is well established in this Court's precedents that "[a]circuit court's denial of a motion to dismiss that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine[,]" Syl. Pt. 1, *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 783 S.E.2d 75, (2015); Syl. Pt. 1, *W. Va. Reg'l Jail & Corr. Fac. Auth. v. Estate of Grove*, __ W. Va. __, 852 S.E.2d 773 (2020); *see also W. Va. Bd. of Ed. v. Croaff*, No. 16-0532, 2017 WL 2172009, at *2 (W. Va. May 27, 2017) (memorandum opinion). The instant case does not fall within this paradigm, as the court below made no finding at all with respect to the applicability of qualified immunity to the facts at bar; rather, the court concluded that the case required some evidentiary development on this limited issue. *See Hutchison,* 198 W. Va. at 149, 479 S.E.2d at 659 ("unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition."). What today's decision does is to expand the reach of the collateral order doctrine to any case in which a defense of

qualified immunity is raised in the initial pleadings: as soon as the circuit court rules on the immunity issue -- whether the court grants it, denies it, or defers it -- the disappointed litigant has a guaranteed right to immediate appellate review.

Although I acknowledge that "[a]n assertion of qualified . . . immunity should be heard and resolved prior to any trial because, if the claim of immunity is proper and valid, the very thing from which the defendant is immune – a trial – will absent a pretrial ruling occur and cannot be remedied by a later appeal[,]" *Hutchison*, 198 W. Va. at 149 n.13, 479 S.E.2d at 659 n.13, I disagree that the general rule applies here. Nothing in the circuit court's order makes a trial the inevitable outcome; indeed, following the limited discovery sanctioned by the court, the petitioner will have the opportunity to move for summary disposition on the immunity issue and, in the event of a loss, appeal to this Court. Thus, I do not believe that this case meets the test of *Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1997):[3] the petitioner has other adequate means, specifically, motion for

---

[3] "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law,

summary judgment, to obtain the desired result; the only prejudice suffered by the petitioner is the inconvenience of limited discovery; the circuit court's order is not clearly erroneous as a matter of law, as the respondent's complaint states at the very least a viable claim for battery; the circuit court's ruling is not an oft-repeated error; and the question of whether denial of qualified immunity at the 12(b)(6) stage is reviewable is not an issue of first impression.

The majority devotes an inordinate amount of its opinion to petitioner's complaint that the circuit court erred by considering matters outside the pleadings, specifically, a video of the beating which is at the heart of this lawsuit, in denying petitioner's motion to dismiss and deferring resolution of the qualified immunity issue. In light of the majority's determination that the complaint is insufficient on its face to overcome a qualified immunity defense, this discussion is of academic interest only – although ten pages of dicta will certainly alert West Virginia attorneys of the need to load down their complaints with references to any known physical evidence, lest their descriptive words and phrases be deemed insufficient to overcome defenses that haven't even been raised yet. Additionally, the majority's resolution of this non-issue exalts form over substance, doggedly insisting that the sufficiency of the pleading is all that matters,

---

should be given substantial weight." *Hoover*, 199 W. Va. at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4.

notwithstanding what the circuit court termed an "unusual opportunity [we have] here to *know* what happened because *we actually have a picture of it[.]*" (Emphasis added.) In this regard, the majority claims that the video "was not so intrinsic or integral to the amended complaint that the circuit court could consider it[,]" a statement I am at a loss to understand. Whether or not the existence of the video was mentioned in the first amended complaint, "the [video] is integral to the pleading's allegations," Syl. Pt. 6, in part, *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va*., __ W. Va. __, __ S.E.2d __ (2020), and at least so far as we know, "no party questions [its] authenticity[.]" *Id*. Under the unique facts and circumstances of this case, if we insist on adherence to the third prong of the *Mountaineer Fire* test, that "the pleading implicitly or explicitly refers to the [video]," then the remedy should be a remand for the circuit court to allow petitioner "reasonable opportunity to present all material made pertinent to [a summary judgment] motion by Rule 56." See W. Va. R. Civ. P. 12(b)(7).[4]

---

[4] Rule 12(b)(7) of the West Virginia Rules of Civil Procedures provides, in relevant part, that

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In short, as set forth in Rule 12(b)(7), *see supra* at note 4, the circuit court had the discretion to consider that video; its error was in not affording petitioners the opportunity to present material in opposition. The majority's mandate – reversal and remand with directions to dismiss respondent's claims against petitioner -- is both unduly harsh and patently unjust. Further, I cannot accede to the majority's view that our precedents required the circuit judge to ignore the evidence before his eyes and focus solely on the stylistic inadequacies of the respondent's initial pleading. In this regard, the majority fails to acknowledge, must less follow or even attempt to distinguish, our holding in *Hutchison,* 198 W. Va. at 150, 479 S.E.2d at 660:

> A plaintiff is not required to anticipate the defense of immunity in his complaint, *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980), and, under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one. We believe, in cases of qualified or statutory immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file a "a short and plain statement of his complaint, a complaint that rests on more than conclusion alone." *Schultea v. Wood,* 47 F.3d at 1433. Next, *the court may, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity. The court's discretion not to order such a reply ought to be narrow*; where the defendant demonstrates that greater detail might assist an early resolution of the dispute, the order to reply should be made. Of course, if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings. If the information contained in the pleadings is sufficient to justify the case proceeding further, the early motion to dismiss should be denied.

(Emphasis added). Instead of following the clear mandate set forth in *Hutchison*, a unanimous opinion of this Court, the majority has kicked the case into the gutter; indeed, it could be argued that the majority has *sub silentio* overruled it. *Hutchison* recognized that heightened pleadings are important when qualified immunity is an issue, and that a deficient pleading does not require automatic dismissal of plaintiff's complaint. Rather, *Hutchison* instructs that a circuit court should require the plaintiff to file a more definite statement, or to file a reply to the defendant's answer. The court could also require the plaintiff to file an amended complaint, s*ee Doe v. Logan of Bd. of Educ.*, 242 W. Va. 45, 50, 829 S.E.2d 45, 50 (2019) (recognizing that a variety of options are available to remedy a deficient complaint "instead of mandating dismissal[.]"). In this case, based on the facts and circumstances presented and in adherence to the principles set forth in *Hutchison* and *Doe*, a just result would be a remand for the circuit court to require a heightened pleading from respondent, one responsive to the defense of qualified immunity raised in the petitioner's motion to dismiss.

A just result in this case would also allow respondent the opportunity to engage in discovery, even if such discovery is limited to issues involving qualified immunity. In *Doe*, this Court recognized that a plaintiff may need to perform discovery in order to oppose a motion to dismiss that is based on qualified immunity. *Id.*, 242 W. Va. at 50, 829 S.E.2d at 50. Here, respondent alleges that he was brutally and severely beaten by two state troopers, as a result, at least in part, of petitioner's failure to train and supervise

them.  In order not only to prove this claim, but also to satisfy the requirement of heightened pleadings, respondent needs access to information that is solely in petitioner's control.  Without some discovery, respondent has no way to know how the defendant troopers were trained, how they were supervised, or whether they had a history of using excessive force against arrestees that should have alerted petitioner to the need for improved training and supervision.   The majority's opinion ignores this real-life litigation problem and orders that respondent's complaint be dismissed based on his failure to allege facts to which he simply does not have access at the pleading stage of the case.

Finally, although I am not persuaded by respondent's argument that the petitioner lacks standing to appeal the circuit court's order denying its motion to dismiss, I am troubled by the fact that the petitioner's claim to qualified immunity as a matter of law on the vicarious liability claims rises or falls on defendants Kennedy's and Walker's claim to immunity – an issue they lost below[5] *and did not appeal*.   This sets up an odd situation whereby this Court will have dismissed petitioner from the lawsuit in advance of discovery in Kennedy's and Walker's case that might very well establish, either directly or by necessary implication, that the petitioner was not in fact entitled to immunity.  All of this points to the error of this Court's decision to issue a rule to show cause in a case where the

---

[5] To clarify, defendants Kennedy and Walker lost on their claim that the respondent's first amended complaint was insufficient as a matter of law to overcome their assertion of qualified immunity.

9

circuit court did not resolve any immunity issues, but rather deferred them for limited evidentiary development.

There is an old adage, one familiar to every first-year law student, that "hard cases make bad law." Because I believe that the majority's opinion in this case aptly illustrates the truth of that adage, I respectfully dissent. I am authorized to state that Justice Hutchison joins in this dissenting opinion.